UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAYTON FARMS, INC., et al., | CASE NO. C10-520 RSM |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION FOR FEES AND COSTS |
| v. | |
| PRO-FAC COOPERATIVE, INC., a New York corporation licensed to do business in Washington, | |
| Defendant. | |

    This matter comes before the Court upon Defendant Pro-Fac Cooperative Inc.'s ("Pro-Fac's") Motion for Fees and Costs Against Plaintiffs who Dismissed without Prejudice (Dkt. #202). Pro-Fac contends that it is entitled to an award of its attorney fees and expenses for legal work that is not useful in Plaintiffs' new litigation under this Court's Order of Dismissal and Judgment (Dkts. #189 and #190) and Federal Rule of Civil Procedure 41. Plaintiffs argue that they have not brought the same or similar claims in New York that existed in Washington at the time for their request for dismissal and therefore Defendant is not entitled to fees.

ORDER DENYING DEFENDANT'S MOTION FOR FEES AND COSTS - 1

1    In July 2011, the Court issued an Order granting Defendant's 12(c) Motion for Judgment
2 on the Pleadings characterizing Plaintiffs' "non-cucumber claims"—those claims that arose out
3 of Plaintiffs' status as members/former members of Pro-Fac—as shareholder derivative claims.
4 Having determined that the claims were derivative in nature, the Court dismissed the non-
5 cucumber claims without prejudice for failure to comply with Rule 23.1 and for failure to bring
6 suit against the proper defendant. Dkt. #110.

7    After the non-cucumber claims were dismissed, the only claims that remained were
8 Plaintiffs' "cucumber claims"—those claims related to Plaintiffs' own farming operations and
9 individual interactions with Pro-Fac as it directly related to their cucumber businesses. Plaintiffs
10 moved for partial summary judgment on the cucumber claims, arguing that the release
11 agreements they signed prior to initiating the lawsuit were void for lack of consideration. The
12 Court denied Plaintiffs' motion. Dkt. #148. Shortly thereafter, Plaintiffs moved for voluntary
13 dismissal without prejudice of all of their remaining cucumber claims. Dkt. #174.

14    Pro-Fac argued that Plaintiffs' dismissal should be with prejudice, as Pro-Fac had several
15 motions for summary judgment pending resolution when the Plaintiffs' motion was filed, had
16 expended substantial resources on defending the action, and had received the aforementioned
17 favorable rulings from the Court. After careful consideration, the Court ultimately concluded that
18 Plaintiffs' motion for dismissal without prejudice would be granted under the condition that
19 "should the Plaintiffs bring suit on claims in another forum that are the same or substantially
20 similar to the remaining claims in this litigation, Pro-Fac may submit a motion to this Court for
21 the award of costs and fees … for legal work performed in this litigation that is shown not to be
22 useful to the subsequent litigation." Dkt. #186, pp.11-12. In the conclusory portion of the order,
23 the Court wrote, "If Plaintiffs re-file the same or a substantially similar lawsuit, Plaintiffs shall
24

bear Pro-Fac's costs from this suit for discovery, motion practice, or any other items, which the Court determines that Pro-Fac has demonstrated not to be useful to the future litigation." *Id.* at 12.  This same language was used in the final Order of Dismissal (Dkt. #189) and the Judgment (Dkt. #190).

On February 15, 2012, the seventeen remaining plaintiffs initiated two proceedings in New York (the "New York Litigation").  Plaintiffs filed a derivative action in the Supreme Court, County of Monroe against Pro-Fac's Board of Directors and filed a Cross-Petition in Pro-Fac's on-going liquidation proceeding.  Dkt. #203, Exs. A & B.  Both actions relate exclusively to Plaintiffs' non-cucumber claims.

Pro-Fac now moves the Court for $325,455.00 in attorneys fees for work deemed not useful in the New York Litigation.  Pro-Fac claims that it is entitled to these fees because the New York litigation, even though it does not include Plaintiffs' individual cucumber claims, is "the same or a substantially similar lawsuit" to that initially filed in Washington.  This reasoning is erroneous and was not the intent of the Court when it issued its order.

As the Court made explicit in its order on Plaintiffs' motion for voluntary dismissal, "should the Plaintiffs bring suit on claims in another forum that are the same or substantially similar *to the remaining claims in this litigation*, Pro-Fac may submit a motion to this Court for the award of costs and fees."  Dkt. #186, pp.11-12 (emphasis added).[1]  As detailed above, when the Court issued the order, Plaintiff's non-cucumber claims were no longer a part of the litigation, as they had been dismissed without prejudice as improperly pled.  Plaintiffs were given the option of dismissing their remaining cucumber claims, with prejudice, or retaining the

---

[1] The fact that the Court did not include the modifier "to the remaining claims in this litigation" when it subsequently reiterated its conditions for dismissal elsewhere on the docket does not render the modifier superfluous.

bear Pro-Fac's costs from this suit for discovery, motion practice, or any other items, which the Court determines that Pro-Fac has demonstrated not to be useful to the future litigation." *Id.* at 12.  This same language was used in the final Order of Dismissal (Dkt. #189) and the Judgment (Dkt. #190).

On February 15, 2012, the seventeen remaining plaintiffs initiated two proceedings in New York (the "New York Litigation").  Plaintiffs filed a derivative action in the Supreme Court, County of Monroe against Pro-Fac's Board of Directors and filed a Cross-Petition in Pro-Fac's on-going liquidation proceeding.  Dkt. #203, Exs. A & B.  Both actions relate exclusively to Plaintiffs' non-cucumber claims.

Pro-Fac now moves the Court for $325,455.00 in attorneys fees for work deemed not useful in the New York Litigation.  Pro-Fac claims that it is entitled to these fees because the New York litigation, even though it does not include Plaintiffs' individual cucumber claims, is "the same or a substantially similar lawsuit" to that initially filed in Washington.  This reasoning is erroneous and was not the intent of the Court when it issued its order.

As the Court made explicit in its order on Plaintiffs' motion for voluntary dismissal, "should the Plaintiffs bring suit on claims in another forum that are the same or substantially similar *to the remaining claims in this litigation*, Pro-Fac may submit a motion to this Court for the award of costs and fees."  Dkt. #186, pp.11-12 (emphasis added).[1]  As detailed above, when the Court issued the order, Plaintiff's non-cucumber claims were no longer a part of the litigation, as they had been dismissed without prejudice as improperly pled.  Plaintiffs were given the option of dismissing their remaining cucumber claims, with prejudice, or retaining the

---

[1] The fact that the Court did not include the modifier "to the remaining claims in this litigation" when it subsequently reiterated its conditions for dismissal elsewhere on the docket does not render the modifier superfluous.

viability of such claims, under the condition that if they did reassert them, they would be required to compensate Pro-Fac for any costs associated with litigating them twice. The non-cucumber claims were never a part of this resolution. Accordingly, Pro-Fac's motion (Dkt. #202) is DENIED. The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

Dated this 1st day of June 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE